FILED

2013 JAN 25  PM 3: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

**MARLIN & SALTZMAN**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, Califorinia   91301
Tel. 818-991-8080; Fax 818-991-8081
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**HARTMANN & KANANEN**
Ronald A. Hartmann, Esq. (SBN 115683)
Kurt E. Kananen, Esq. (SBN 156136)
Kenneth King, Esq. (SBN 245961)
20750 Ventura Boulevard, Suite 101
Woodland Hills, California   91364
Tel. (818) 710-0151; Fax (818) 710-0191
constructiondefects@sbcglobal.net
kurtkananen@sbcglobal.net; kkinghk@sbcglobal.net

Attorneys for Plaintiff Steven Viggiano

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VIGGIANO, on behalf of himself and on behalf of all others similarly situated<br><br>       Plaintiff,<br><br>v.<br><br>HANSEN NATURAL CORPORATION; HANSEN BEVERAGE COMPANY; MONSTER BEVERAGE CORPORATION; and DOES 1 through 100, inclusive<br><br>       Defendants. | **CASE NO.: CV12-10747 MMM (JCGx)**<br>(Hon. Margaret M. Morrow, Ctrm 780)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF:**<br>(1) BREACH OF EXPRESS WARRANTY IN VIOLATION OF COMM. CODE § 2313;<br>(2) BREACH OF IMPLIED WARRANTY IN VIOLATION OF COMM. CODE § 2314<br>(3) VIOLATION OF THE UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200, ET SEQ.<br>(4) VIOLATION OF THE FALSE ADVERTISING LAW, BUS. & PROF. CODE §§ 17500, ET SEQ.<br>(5) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, ET SEQ.;<br>(6) BREACH OF EXPRESS WARRANTIES;<br>(7) BREACH OF IMPLIED WARRANTIES;<br>(8) BREACH OF IMPLIED WARRANTY OF FITNESS;<br>(9) VIOL. OF MAGNUSON MOSS WARRANTY ACT, 15 USC §§2301, ET SEQ.<br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, Steven Viggiano, brings this action against Defendants Hansen Natural Corporation, Hansen Beverage Company, Monster Beverage Corporation and DOES 1 through 100, inclusive, on behalf of himself and on behalf of all others similarly situated, upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

1.    This is a class action on behalf of nationwide consumers who, within the last four (4) years, purchased any flavor of the soda product called Hansen's Diet Premium Soda with All Natural Flavors.  Hansen's Diet Premium Soda with All Natural Flavors is sold throughout the United States, including California, in supermarkets and other retailers.  This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Hansen's; and disgorgement of all ill-gotten profits from Hansen's wrongdoing.

2.    Plaintiff Steven Viggiano ("Plaintiff") is currently, and at all times relevant was, a resident of Moorpark, California.  Within the last 4 years, Plaintiff purchased several cans of Hansen's Diet Premium Soda with All Natural Flavors at a retail outlet in or around Moorpark, California.

3.    Defendant Hansen Natural Corporation is a business entity with its principal place of business in Corona, California and operates, manages and directs its nationwide sales and business operations from its offices in California.  Defendant Hansen Natural Corporation has major management, manufacturing, storage and distribution facilities in California, from which it operates and directs the majority, or at least a substantial proportion, of its nationwide sales and business operations.  Plaintiff is informed and believes, and thereon alleges, that a substantial portion of the activities at issue in this Complaint occurred in, were conducted, and/or were directed and emanated from California.

4.    Defendant Hansen Beverage Company is a business entity with its principal place of business in Corona, California and operates, manages and directs its nationwide sales and business operations from its offices in California.  Hansen Beverage Company

has major management, manufacturing, storage and distribution facilities in California, from which it operates and directs the majority, or at least a substantial proportion, of its nationwide sales and business operations.  Plaintiff is informed and believes and thereon alleges that a substantial portion of the activities at issue in this Complaint occurred, were conducted, and/or were directed and emanated from California.

5.   Defendant Monster Beverage Corporation ("Monster") is a business entity with its principal place of business in Corona, California and operates, manages and directs its nationwide sales and business operations from its offices in California. Monster has major management, manufacturing, storage and distribution facilities in California, from which Monster operates and directs the majority, or at least a substantial proportion, of its nationwide sales and business operations.  Plaintiff is informed and believes, and thereon alleges, that a substantial portion of the activities at issue in this Complaint occurred in, were conducted, and/or were directed and emanated from California.

6.   Plaintiff is informed and believes, and thereon alleges, that: Defendant Monster was formerly known as Hansen Natural Corporation.   Plaintiff is further informed and believes, and thereon alleges, that: Defendants Monster and Hansen Natural Corporation are one and the same company, are alter egos of each other, that Monster is the successor corporation to Hansen Natural Corporation, that Monster is a mere continuation of the business of Hansen Natural Corporation, that Defendants Monster and Hansen Natural Corporation consolidated into one business, and/or that Monster has agreed to assume all liabilities of Hansen Natural Corporation.  Plaintiff is further informed and believes and thereon alleges that in or about 2011 or 2012, Defendant Hansen Natural Corporation changed its name to Defendant Monster, and that Defendants Hansen Natural Corporation and Monster have their principal places of business at, and/or conduct operations from, the same offices in Corona, California. Plaintiff is further informed and believes, and thereon alleges, that Defendant Hansen Beverage Company is a wholly owned subsidiary of Defendants Monster and Hansen

Natural Corporation, and is entirely controlled by defendants Monster and Hansen Natural Corporation.

7.    Defendants Monster, Hansen Natural Corporation, and Hansen Beverage Company shall collectively be referred to as "Hansen" or "Hansen's" or Defendants, unless otherwise indicated.

8.    The use of the term "defendants" or "Defendants" in any of the allegations in this Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the Defendants identified in this Complaint, but also all Defendants designated as DOES 1 through 100, inclusive, as though the term "defendants" was followed in each and every instance throughout this Complaint with the phrase "and each of them jointly and severally, including all named Defendants and Defendants included herein and sued under the fictitious names of DOES 1 through 100, inclusive."

9.    Plaintiff is informed and believes, and thereon alleges, that Defendants, at all times herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things alleged herein were acting as such and within the scope of their authority as such agents and employees and with the permission and consent of all other Defendants.  Plaintiff is informed and believes, and thereon alleges, that Defendants have, and at all times herein mentioned had, a joint economic and business interest, goal and purpose in the Hansen's Diet Premium Soda with All Natural Flavors line of beverages that are the subject of this lawsuit.

## JURISDICTION AND VENUE

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Hansen has offices, conducts business and can be found in the Central District of California, and the causes of action set forth herein have arisen and occurred in part in the Central District of California. Venue is further proper under 29 U.S.C. § 1132(e)(2)

FIRST AMENDED COMPLAINT

because Hansen has substantial business contacts within the state of California.

11.    This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims will exceed $5,000,000 and class members who reside in states other than California are residents of different states than Hansen.

**GENERAL ALLEGATIONS**

12.    At all times relevant to the matters alleged in this Complaint, Defendants have made, and continue to make, misrepresentations and/or omissions regarding the Hansen's Diet Premium Soda with All Natural Flavors line of beverages.  Specifically, Defendants represent specific, absolute characteristics of the subject beverages, through marketing, advertising, packaging, labeling, and other forms of marketing, advertising, and promotions, that the Hansen's Diet Premium Soda with All Natural Flavors line of beverages is a "Premium Soda" and/or a "Diet Premium Soda" that is flavored with only "All Natural Flavors".





13.   In fact, the Hansen's Diet Premium Soda with All Natural Flavors line of beverages is flavored / flavor enhanced with the artificial, flavor related ingredient acesulfame potassium, which is an artificial, synthetic, not natural flavoring / flavor enhancer / flavor related ingredient.

14.   Additionally, Hansen's Diet Premium Soda with Natural Flavors line of beverages is sweetened with sucralose. Sucralose and acesulfame potassium are

FIRST AMENDED COMPLAINT

artificial, synthetic, non-natural, low price/inexpensive, mass market flavorings / flavor enhancers / flavor related products.  With the flavors / flavor enhancers / flavor related ingredients acesulfame potassium and sucralose, the Hansen's Diet Premium Soda with All Natural Flavors line of beverages are not "Premium Sodas" and/or are not premium diet sodas, and have less than premium ingredients in the presence of sucralose and acesulfame potassium.

15.    At all relevant times, Defendants knew, or reasonably should have known, that the Hansen's Diet Premium Soda with All Natural Flavors line of products contained the artificial flavorings / flavor enhancers / flavor related ingredients sucralose and acesulfame potassium, and Defendants purposely failed to disclose these material facts to its customers.  Despite that Defendants knew, or should have known, that the Hansen's Diet Premium Soda with All Natural Flavors product line was not a "Premium Soda" and contained the non-natural flavorings / flavor enhancers / flavor related ingredients acesulfame potassium, Defendants at all relevant times labeled, marketed, advertised, and promoted the Hansen's Diet Premium Soda with All Natural Flavors line of products as containing "All Natural Flavors", and as a premium product (a "Premium Soda").  To this day, Defendants have taken no meaningful steps to clear up Plaintiff's and members of the class' misconceptions regarding its Hansen's Diet Premium Soda with All Natural Flavors beverages.

16.    By making the "Premium Soda" and "All Natural Flavors" claims, Defendants were and are cultivating a wholesome image in an effort to capture and tap into the growing market for the perceived health benefits of "all natural" foods, to promote the sale of Hansen's Diet Premium Soda with All Natural Flavors products, and to cultivate and further a corporate image of selling healthier products.  Defendants' decision to feature the phrase "Premium Soda" prominently on the product packaging demonstrates Defendants' intention to focus consumers on the alleged premium quality of the product - the "All Natural Flavors" quality of the product, while downplaying the inclusion of sucralose and acesulfame potassium, which are cheaper, not-natural and

artificial flavoring / flavoring enhancer / flavor related ingredients in the beverages.

17.    At all relevant times, Defendants used acesulfame potassium, a synthetic and artificial flavoring / flavoring enhancer for its Hansen's Diet Premium Soda with All Natural Flavors beverages, but its labeling never disclosed that acesulfame potassium is an artificial ingredient related to the flavorings, that supplements, enhances, or modifies the original taste and flavorings of the subject products, despite the "All Natural Flavors" representation on the packaging of Hansen's Diet Premium Soda with All Natural Flavors products.

18.    Plaintiff is informed and believes and thereon alleges:

a.    Acesulfame potassium (also known as acesulfame k) is a non-natural, manufactured chemical flavor enhancer and artificial sweetener.

b.    Acesulfame potassium provides a synergistic sweetening effect when combined with other low- and no-calorie sweeteners such as sucralose and aspartame.

c.    Acesulfame potassium  is the potassium salt of 6-methyl-1,2,3-oxathiazine-4(3H)- one-2,2-dioxide.

d.    Acesulfame potassium is used as a low calorie flavor enhancer and sugar substitute, and is approximately 200 times sweeter than table sugar.

e.    Acesulfame potassium shortens the lingering sweetness of sucralose and aspartame and enhances and intensifies other flavors.

f.    Acesulfame potassium is not metabolized by the body but is excreted unchanged.

g.    Methylene chloride is used for the production of acesulfame potassium.  The chemical acesulfame potassium remains stable when exposed to heat, basic, or acidic conditions.

h.    Acesulfame potassium is sometimes used in conjunction with

FIRST AMENDED COMPLAINT

other alternative sweeteners/flavor related ingredients/flavor enhancers such as sucralose (as Defendants do in the Hansen's Diet Premium Soda with All Natural Flavors products).

i.    Acesulfame potassium is a multi-purpose artificial food additive, and is permissibly used as a flavor enhancer.

j.    The United States Food and Drug Administration ("FDA") defines a flavor enhancer as "[s]ubstances added to ***supplement, enhance, or modify the original taste and/or aroma of a food***, without imparting a characteristic taste or aroma of its own." (21 C.F.R. § 170.3(11) (emphasis added)

k.    The FDA states the following regarding acesulfame potassium in Title 21 of the Code of Federal Regulations ("CFR"), Section 172.800: "Acesulfame potassium (CAS Reg. No. 55589-62-3), also known as acesulfame K, may be safely used as a general-purpose sweetener and flavor enhancer in foods generally, . . ."

19.    Defendants' Hansens' Diet Premium Soda with All Natural Flavors is marketed, distributed and manufactured in a number of flavor options including, but not limited to, Diet Cherry Vanilla Creme, Diet Black Cherry Diet Kiwi Strawberry, Diet Tangerine Lime, Diet Ginger Ale, Diet Creamy Root Beer, Diet Pomegranate, and Diet Original Cola.

20.    The inclusion of acesulfame potassium in Defendants' Hansen's Diet Premium Soda with All Natural Flavors beverages enhances, supplements and/or modifies the purportedly "natural flavors" (e.g. "Vanilla", "black cherry" etc.) added to Hansen's Diet Premium Soda with All Natural Flavors beverages.

21.    The Defendants' use of acesulfame potassium in the subject products renders misleading the Defendants' statements and affirmations of fact on the labels - "All Natural Flavors" and "Premium Soda."

FIRST AMENDED COMPLAINT

22.     At all relevant times, Defendants used sucralose (Splenda® brand of sucralose),  a synthetic and artificial sweetener, in its Hansen's Diet Premium Soda with All Natural Flavors beverages, but its labeling never disclosed that sucralose despite its "Premium Soda" representation on the packaging of Hansen's Diet Premium Soda with All Natural Flavors products.

23.     Plaintiff is informed and believes and thereon alleges:

        a.      Sucralose is not a natural product.

        b.      Sucralose was discovered as a result of chemical experiments.

        c.      In 1998, the FDA approved sucralose for use in several food and beverage categories.  In 1999, the FDA expanded the approved uses for sucralose, making it a "general purpose" sweetener and a "multipurpose additive".

        d.      Sucralose is the chemical 1,6-dichloro-1, 6-dideoxy-[beta]-D-fructofuranosyl-4-chloro-4-deoxy -[alpha]-D-galactopyranoside.  Sucralose is a molecule of sugar chemically manipulated to surrender three hydroxyl groups (hydrogen + oxygen) and replace them with three chlorine atoms.  The process of manufacturing sucralose selectively replaces three hydrogen-oxygen groups on the sugar molecule with three chlorine atoms.  The selective chlorination of sucrose, which substitutes three of the hydroxyl groups with chlorine, is achieved by selective protection of the primary alcohol groups followed by acetylation and then deprotection of the primary alcohol groups. Following an induced acetyl migration on one of the hydroxyl groups, the partially acetylated sugar is then chlorinated with a chlorinating agent such as phosphorus oxychloride, followed by removal of the acetyl groups to give sucralose.  The

artificial sweetener sucralose

(4,1',6'-trichloro-4,1',6'-trideoxy-galactosucrose) is derived

from sucrose by replacing the hydroxyls in the 4, 1' and 6'

positions with chlorine. In the process of making the

compound, the stereo configuration at the 4 position is

reversed. Therefore, sucralose is a galacto-sucrose with a

certain molecular structure.

e.  Sucralose is produced at an approximate purity of ninety-eight

percent (98%).  The other two percent does not have to be reported to

the FDA, nor is it listed as added ingredients.  This two percent

includes, inter alia, the following substances:

(1)  acetone

(2)  acetic acid

(3)  acetyl alcohol

(4)  ammoniumchloride

(5)  benzene

(6)  chlorinated sulfates

(7)  ethyl alcohol

(8)  isobutyl ketones

(9)  formaldehyde

(10)  hydrogen chloride

(11)  lithiumchloride

(12)  methanol

(13)  sulfurylchloride

(14)  tritylchloride

f.  Hansen's uses the Splenda brand of sucralose in the subject

products. Plaintiff is informed and believes and thereon alleges

that Sucralose is not a natural product.  The web site for

Splenda products (www.splenda.com) states the following in the "FAQs" (frequently asked questions) section of the web site (emphasis added): "Is sucralose (or SPLENDA® Brand Sweetener) natural?  Sucralose (or SPLENDA® Brand Sweetener), the high intensity sweetener used in all SPLENDA® Products **is not natural**. It is a no calorie sweetener that is made from a process that starts with sugar. Although sucralose has a structure like sugar's and a sugar-like taste, **it is not natural**. The advertising and packaging for SPLENDA® Products do not represent the product as "natural."

g.   Sucralose is made with chlorine atoms.  Sucralose is a chlorocarbon, which is a chemical compound that contains carbon and chlorine or carbon, chlorine, and hydrogen.  Chlorine has a variety of uses. It is used to disinfect water and is part of the sanitation process for sewage and industrial waste. During the production of paper and cloth, chlorine is used as a bleaching agent. It is also used in cleaning products, including household bleach which is chlorine dissolved in water. Chlorine is used in the preparation of chlorides, chlorinated solvents, pesticides, polymers, synthetic rubbers, and refrigerants.

h.   The Defendants' use of sucralose in the subject products renders misleading the Defendants' statements and affirmations of fact on the labels that its Hansen's Diet Premium Soda with All Natural Flavors beverages are a "Premium Soda".

24.   Hansen's statements, alleged in this Complaint, are misleading, and/or have a capacity, likelihood or tendency to deceive or confuse the public.  Hansen's statements contribute to the deceptive content of the advertising, labeling, packaging as a whole.

Hansen's statements fail to reveal other relevant and material information in light of other representations made or suggested by statement, design, device, or any combination thereof, as alleged in this Complaint.

25.     Plaintiff and members of the class, as reasonable consumers, would understand the term "natural" to mean that none of the flavorings are synthetic and / or artificial and/or modified, enhanced and/or supplemented with artificial and/or synthetic compounds. When the term "natural" is broadened to "All Natural Flavors" as Defendants did in the Hansen's Diet Premium Soda with All Natural Flavors products, a reasonable consumer would understand the term "All Natural Flavors" to mean that the word flavors in the phrase "All Natural Flavors" refers to all ingredients that affect the flavor - the entire mix of ingredients that give a product it's flavor, that "the whole extent or quantity of" the flavors in the sodas are "produced or existing in nature; not artificial or manufactured", and that none of the ingredients related to the flavor of the product are synthetic, not natural, or artificial.  By claiming that Hansen's Diet Premium Soda with All Natural Flavors products have "All Natural Flavors", Hansen's statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises regarding the Hansen's Diet Premium Soda with All Natural Flavors, as alleged in this Complaint, constituted a warranty and representation to consumers that the Hansen's Diet Premium Soda with All Natural Flavors beverages contain only natural flavoring ingredients, and that none of the flavoring ingredients of the subject products is artificial, not natural, or synthetic.

26.     Plaintiff and members of the class, as reasonable consumers, would understand that the Defendants' use of the term "Premium Soda" to describe the Hansen's Diet Premium Soda with All Natural Flavors beverages, meant that the beverage has qualities, such as higher quality, natural ingredients, that set it apart from similar competing beverages.

27.     Plaintiff and members of the class, as reasonable consumers, would understand that the use of the term "Premium Soda," combined with the phrase "All

FIRST AMENDED COMPLAINT

Natural Flavors," to describe the Hansen's Diet Premium Soda with All Natural Flavors beverages, would mean that the Premium quality of the beverage was the use of all natural flavorings and ingredients.

28.    Plaintiff and members of the class, as reasonable consumers, would understand that the use of the term "Premium Soda," combined with the phrase "All Natural Flavors," to describe the Hansen's Diet Premium Soda with All Natural Flavors beverages, would mean that the quality of the beverage was greater than, or a grade above, competing beverages.  By claiming that Hansen's Diet Premium Soda with All Natural Flavors products are "Premium Sodas," Defendants made a statement of the standard, quality, characteristics, grade, affirmation of fact, and promise concerning the subject product which constituted a warranty and representation to consumers that the Hansen's Diet Premium Soda with All Natural Flavors beverages was of Premium quality.

29.    Defendants' use of the phrase "Premium Soda," combined with the phrase "All Natural Flavors," to describe the Hansen's Diet Premium Soda with All Natural Flavors beverages, made a statement of the standard, quality, characteristics, grade, affirmation of fact, and promise concerning the subject product which constituted a warranty and representation to consumers that the Hansen's Diet Premium Soda with All Natural Flavors beverages was flavored with only natural ingredients and was therefore of Premium quality.

30.    Defendants' use of the phrases "Premium Soda" and "All Natural Flavors" combined with the expiration dates printed on the can affirms and promises to consumers that the Hansen's Diet Premium Soda with All Natural Flavors beverages will meet a specified level of performance (e.g. "premium" or containing "all natural flavors") over a specified period of time.

31.    Plaintiff and reasonable consumers must and do rely on beverage companies such as Hansen's to honestly state the nature of a beverage's qualities and ingredients, and beverage companies such as Hansen's intend and know that consumers

rely upon statements made on beverage packaging and labels in making their purchasing decisions. Such reliance by consumers is reasonable because beverage companies are prohibited from making false or misleading statements on their products' labels under federal and state law.

32.     Hansen's Diet Premium Soda with All Natural Flavors products, labeled, marketed, promoted, advertised, etc., as "Premium Soda" and with "All Natural Flavors," and flavored with the artificial flavor enhancer acesulfame potassium and the sweetener sucralose, violates the following laws, among others:

a.     21 U.S.C. § 343 (misbranded food) ("Misbranded food  A food shall be deemed to be misbranded--(a) False or misleading label. If (1) its labeling is false or misleading in any particular, or . . . .");

b.     21 CFR § 1.21 ("Failure to reveal material facts.  (a) Labeling of a food, drug, device, cosmetic, or tobacco product shall be deemed to be misleading if it fails to reveal facts that are: (1) Material in light of other representations made or suggested by statement, word, design, device or any combination thereof; …");

c.     Cal. Commercial Code § 2313;

d.     Cal. Commercial Code § 2314;

e.     Cal. Health & Safety Code §§ 109875, et seq. (the "Sherman Law");

f.     Cal. Health & Safety Code § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.");

g.     Cal. Consumer Legal Remedies Act (Civil Code § 1750, et seq.);

h.     Cal. Unfair Competition Law (Bus. & Prof. Code § 17200 et

seq.);

i.      Cal. False Advertising Law (Bus. & Prof. Code § 17500 et

        seq.);

j.      California common law of express and implied warranties;

k.      Magnuson-Moss Warranty Act;

l.      Other laws, including the California Common Law.

33.     Defendants selected the products' name and designed the labels and packaging in order to maximize the label's/packaging's deceptive impact upon Plaintiff and members of the Class.  Federal laws and FDA regulations did not require Defendants to choose the phrase "Premium Soda" or the phrase "All Natural Flavors," and place those terms prominently on the packaging for the Hansen's Diet Premium Soda with All Natural Flavors products.  Defendants made that decision because of their marketing strategy.  Defendants' marketing misleads consumers into believing that its product is a premium grade product, and that the ingredients that give the products their flavor are all natural.  Defendants' marketing, promotion, advertising, labeling, as well as their statements of the standards, qualities, characteristics, grade, affirmations of fact, and promises, is designed to cause consumers to buy the Hansen's Diet Premium Soda with All Natural Flavors products as a result of this deceptive message.  Consumers' confusion is reasonable given that some companies, including Defendants under the trade name "Blue Sky," are selling diet sodas which are flavored with all natural flavors.  For example, Hansen's Blue Sky sodas are naturally flavored with Truvia®-- a sweetener derived from the leaves of the stevia plant-- and do not contain sucralose or acesulfame potassium.  Defendants' affirmative decision to label the subject products "All Natural Flavors" and "Premium Soda" was and is misleading, given that the subject products are flavored/flavor enhanced with artificial flavorings/flavor enhancers - sucralose and acesulfame potassium.  The FDA does not require Defendants to make the affirmations of fact and label their products as having "All Natural Flavors" and a statement of quality as "Premium Soda".  The foregoing affirmations of specific fact and

statements of quality are voluntarily placed on the subject products' labels.

34.    Defendants' representations regarding the subject Hansen's Diet Premium Soda with All Natural Flavors beverages are false, misleading and/or fail to disclose material facts. Defendants knew or should have known and/or were reckless in not knowing and disclosing that the Hansen's Diet Premium Soda with All Natural Flavors beverages contained artificial flavorings / flavor enhancers (sucralose and acesulfame potassium) and was not premium grade. Defendants knew or should have known that their representations of standards, qualities, characteristics, grade, affirmations of fact, and promises regarding the subject beverages were likely to deceive consumers into believing they were purchasing a premium grade product that contains only all natural flavors and all natural ingredients that impact, supplement, enhance, and/or modify the taste and/or flavor of the subject products.

35.    Within the last 4 years, Plaintiff purchased several cans of Hansen's Diet Premium Soda with All Natural Flavors at a retail outlet in or around Moorpark, California.  Prior to purchase, Plaintiff believed that Hansen's Diet Premium Soda with All Natural Flavors were premium quality beverages, with all natural ingredients related to the flavors and/or taste.  Had Plaintiff known the truth, namely, that the Hansen's Diet Premium Soda with All Natural Flavors contained the artificial flavorings / flavor enhancers sucralose and acesulfame potassium, and therefore was not a premium, higher quality product, he would not have purchased the Hansen's Diet Premium Soda with All Natural Flavors.  As a consequence, Plaintiff has lost money in the form of paying for the Hansen's Diet Premium Soda with All Natural Flavors, rather than not buying the product at all.  Plaintiff did not receive the premium, all naturally flavored product for which he bargained.

36.    As a consequence of Defendants' unfair, unlawful and deceptive practices as alleged in this Complaint, Plaintiff and members of the Class have purchased the Hansen's Diet Premium Soda with All Natural Flavors beverages under the false and/or misleading impression that products were "Premium Sodas" or premium products, and

that the products consisted entirely of "All Natural Flavors" and/or were flavored with all natural ingredients.  Each consumer has been exposed to the same material misrepresentations, misleading representations, and/or omissions which are displayed on the product packaging for the Hansen's Diet Premium Soda with All Natural Flavors product line, prior to purchasing the product.

37.     As a result of Defendants' representations and/or omissions regarding the Hansen's Diet Premium Soda with All Natural Flavors products, Plaintiff and members of the Class purchased a product that they would not have purchased or would have purchased another competing product.  Further, had Plaintiff and members of the Class been made aware that the product contained the artificial flavoring / flavor enhancers sucralose and acesulfame potassium and was not a premium product, they would not have purchased the product or would have purchased another competing product.  For the reasons alleged in this Complaint, Plaintiff and members of the Class purchased Hansen's Diet Premium Soda with All Natural Flavors instead of competing products based on the mislabeling, affirmations of fact, statements of quality, false statements, misrepresentations and omissions described herein. Thus, Plaintiff and class members did not receive what they paid for, and Plaintiff and the Class members have suffered an injury in fact as a result of Defendants' mislabeling, affirmations of fact, statements of quality, misrepresentations and/or omissions.

38.     Defendants' labeling and packaging of the Hansen's Premium Diet Soda with All Natural Flavors beverages is misleading because the labeling and packaging fails to reveal material facts, namely, the presence of artificial flavor enhancer acsulfame potassium, and artificial sweeteners acsulfame potassium and sucralose, in light of the other representations made or suggested by the statements "All Natural Flavors" and "Premium Diet Soda" on the products labels and packaging.

39.     On November 6, 2012, Plaintiff, behalf of himself and all class members, pursuant to the California Legal Remedies Action ("CLRA"), California *Civil Code* §§ 1750,  *et seq.*, notified Defendants of the matters alleged in this Complaint, namely,

that the Hansen's Diet Premium Soda with All Natural Flavors sodas have been falsely

and misleadingly labeled as "Premium Soda" and "All Natural Flavors," when they in

fact contain artificial flavors / flavor enhancers, namely, sucralose and acesulfame

potassium, and are not of premium quality with the presence of sucralose and

acesulfame potassium.  Plaintiff's written CRLA notice to Defendants requested that

Defendants take the following steps to cure this defect: remove the "All Natural

Flavors" and "Premium Soda" statements from its packaging, include a statement that

sucralose and acesulfame potassium are not a natural flavors / flavor enhancers, provide

an accounting of Defendants' profits from the sale of Hansen's Diet Premium Soda with

All Natural Flavors sodas, pay restitution to Plaintiffs and all other putative class

members, recall the mislabeled products, and agree not to promote, market, advertise,

and/or label the Hansen's Diet Premium Soda with All Natural Flavors sodas containing

sucralose and acesulfame potassium as "All Natural Flavors," and as "Premium Soda."

The statutory time period for Defendants to comply has lapsed and Defendants have

failed to cure theses defects.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this suit as a class action on behalf of himself and on behalf

of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

Subject to additional information obtained through further investigation and/or

discovery, the foregoing definition of the Class may be expanded or narrowed.  Plaintiff

brings this suit on behalf of a proposed nation-wide class and a California Sub-Class

(collectively "the Classes") defined as follows:

**Class**

All persons residing in the United States who purchased any of

Hansen's Diet Premium Soda with All Natural Flavors  products within four

(4) years of the date this Complaint is filed. Excluded from the Class are (1)

the defendants, the defendants' employees, officers, directors, principals,

legal representatives, successors, assigns, subsidiaries, affiliates, officers,

or directors; (2) any entity which any defendant has a controlling interest;
(3) anyone who purchased any of Hansen's Diet Premium Soda with All
Natural Flavors  products for the purpose of resale; and (4) the judge(s) to
whom this action is assigned and any members of their immediate families.

**California Sub-Class:**

All persons residing in the state of California who purchased any of
Hansen's Diet Premium Soda with All Natural Flavors products within four
(4) years of the date this Complaint is filed. Excluded from the Class are
(1) the defendants, the defendants' employees, officers, directors,
principals, legal representatives, successors, assigns, subsidiaries, affiliates,
officers, or directors; (2) any entity which any defendant has a controlling
interest; (3) anyone who purchased any of Hansen's Diet Premium Soda
with All Natural Flavors products for the purpose of resale; and (4) the
judge(s) to whom this action is assigned and any members of their
immediate families.

41.   This action has been brought and may properly be maintained as a class
action pursuant to Fed. R. Civ. Pro. 23, and the case law thereunder.

42.   <u>Numerosity</u>: The members of the Classes are so numerous that joinder of
all members is impracticable. The Classes are comprised of thousands of consumers
throughout the United States.

43.   <u>Commonality</u>: Common questions of law and fact exist as to all members of
the Classes. These common questions predominate over the questions affecting only
individual members of the Classes. These common legal and factual questions include,
but are not limited to, the following:

      a.   Whether acesulfame potassium is a natural flavor / flavor
         enhancer.

      b.   Whether Hansen's Diet Premium Soda with All Natural
         Flavors is flavored / flavor enhanced with "All Natural

1   Flavors" despite the fact that it is flavored / flavored enhanced
2   with acesulfame potassium.
3       c.    Whether Defendants' labeling / packaging of Hansen's Diet
4   Premium Soda with All Natural Flavors as "All Natural
5   Flavors" is untrue, is misleading, or is reasonably likely to
6   deceive.
7       d.    Whether Defendants' labeling / packaging of the Hansen's Diet
8   Premium Soda with All Natural Flavors beverages as
9   "Premium Sodas" or premium quality is untrue, is misleading,
10   or is reasonably likely to deceive.
11       e.    Whether Defendants' statements and representations of the
12   standards, qualities, characteristics, grade, affirmations of fact,
13   and promises regarding the Hansen's Diet Premium Soda with
14   All Natural Flavors, as alleged in this Complaint, are unlawful.
15       f.    Whether Defendants' conduct is an unlawful, deceptive, and/or
16   unfair act or practice within the meaning of California
17   Business & Professions Code §17200, et seq.
18       g.    Whether Defendants' advertising, marketing, promotions, and
19   labeling is untrue and/or misleading within the meaning of
20   California Business & Professions Code §17500, et seq.
21       h.    Whether Defendants' engaged in deceptive or unfair acts and
22   practices in violation of California Civil Code §1750, et seq.
23       i.    Whether Defendants' statements and affirmations of fact, are
24   common law and/or statutory express warranties, and whether
25   Defendants breached the express warranties.
26       j.    Whether Defendants' breached the implied warranties.
27       k.    Whether Defendants', through their conduct alleged in this
28   Complaint, received money that, in equity and good

conscience, belongs to members of the proposed Classes.

l.      Whether Plaintiff and the other members of the Classes are
        entitled to equitable relief, including but not limited to
        restitution and/or disgorgement.

m.      The appropriate measure of damages and / or restitution
        disgorgement.

n.      Whether Plaintiff and members of the Classes are entitled to
        injunctive relief, and if so, the appropriate injunctive relief.

44.     <u>Predominance</u>: These and other questions of law or fact which are common
to the members of the Classes predominate over any questions affecting only individual
members of the Classes.

45.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the
Classes as all members of the Classes are similarly affected by Defendants' wrongful
conduct.  Plaintiff, like other members of the Classes, purchased the Hansen's Diet
Premium Soda with All Natural Flavors  with All Natural Flavors after exposure to the
same material misrepresentations and/or omissions appearing on the product packaging,
and received a product that contains artificial, non-natural flavoring/flavor enhancers -
sucralose and acesulfame potassium - and is not a premium product.  Plaintiff is
advancing the same claims and legal theories on behalf of himself and all absent
members of the Classes.

46.     <u>Adequacy</u>: Plaintiff's claims are made in a representative capacity on behalf
of the other members of the Classes.  Plaintiff has no interests antagonistic to the
interests of the other members of the proposed Classes and is subject to no unique
defenses.  Plaintiff is committed to the vigorous prosecution of this action and has
retained competent counsel experienced in the prosecution of class actions.
Accordingly, Plaintiff is an adequate representative of the proposed Classes and will
fairly and adequately protect the interests of the Classes.

47.     <u>Superiority</u>:  A class action is superior to other available means for the fair

and efficient adjudication of this dispute.  Joinder of all members is impracticable. The damages suffered by each individual member  of the Classes likely will be relatively small, especially given the relatively small cost of the beverages at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct.  Thus, it would be virtually impossible for member of the Classes individually to effectively redress the wrongs done to them.  Moreover, even if members of the Classes could afford individual actions, it would still not be preferable to class-wide litigation.  The burden of individual litigation on the court system would be significant. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  Moreover, given the relatively small cost of the products at issue and the burden and expense attendant to litigating the claims at issue in this litigation, in the absence of class litigation, it would be virtually impossible for individual class members to get redress.

48.   This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendants to:

a.   Discontinue its unfair business practices;

b.   Undertake an immediate public information campaign to inform members of the proposed Classes as to their conduct as alleged in this Complaint; and

c.   Correct any erroneous impression consumers may have obtained concerning the nature, characteristics, or qualities of Hansen's Diet Premium Soda with All Natural Flavors, including without limitation, the placement of corrective marketing, advertising, promoting, labeling, and packaging,

and providing written notice to the public.

## **FIRST CAUSE OF ACTION**

### **Breach of Express Warranty - California Commercial Code §2313**

### **(By Plaintiff and the Members of the Classes Against All Defendants)**

49.   Plaintiff incorporates by reference each allegation contained in preceding paragraphs as though fully set forth herein.

50.   At all times relevant to the matters alleged in this Complaint, Defendants have made, and continue to make, misrepresentations and/or omissions regarding the Hansen's Diet Premium Soda with All Natural Flavors line of beverages.  Specifically, Defendants represent, through marketing, advertising, packaging, labeling, and other forms of marketing, advertising, and promotions, that the Hansen's Diet Premium Soda with All Natural Flavors line of beverages is a "Premium Soda" and/or a premium diet soda that is flavored with only "All Natural Flavors."  These representations and affirmations of fact constitute a part of the description of the Diet Premium Soda with All Natural Flavors line of beverages marketed and sold by Defendants that became part of the basis of the bargain between Defendants, on the one hand, and Plaintiff and all others similarly situated members of the Classes, on the other hand.

51.   Commercial Code §2313 provides that:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller

use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

52.    Defendants breached the above warranties because they voluntarily and affirmatively have made, and continue to make, material misrepresentations and/or omissions, statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises regarding the Hansen's Diet Premium Soda with All Natural Flavors line of beverages.  Specifically, Defendants represent, through marketing, advertising, packaging, labeling, and other forms of marketing, advertising, and promotions, that the Hansen's Diet Premium Soda with All Natural Flavors line of beverages is a "Premium Soda" and/or a premium diet soda that is flavored with only "All Natural Flavors."  In fact, the Hansen's Diet Premium Soda with All Natural Flavors line of beverages is flavored / flavor enhanced with the artificial, flavor related ingredient sucralose and acesulfame potassium, which are artificial, not natural flavorings / flavor enhancers / flavor related ingredients.  Sucralose and acesulfame potassium are inexpensive, artificial, synthetic, non-natural, low price/inexpensive, mass market flavorings / flavor enhancers / flavor related products. With the flavors / flavor enhancers / flavor related ingredients sucralose and acesulfame potassium, the Hansen's Diet Premium Soda with All Natural Flavors line of beverages are not "Premium Sodas" and/or are not premium diet sodas, and have less than premium ingredients in the presence of sucralose and acesulfame potassium. Defendants were aware of these defects in their Diet Premium Soda with All Natural Flavors line of beverages and, at all relevant times, chose not to cure them.

53.    After being exposed to Defendants' long-term material misrepresentations and/or omissions, statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises regarding the Hansen's Diet Premium Soda with All Natural Flavors line of beverages described

FIRST AMENDED COMPLAINT

herein, and in reliance on Defendants' various statements alleged herein, Plaintiff purchased Hansen's Diet Premium Soda with All Natural Flavors in the Class Period defined herein for his own and household use. Plaintiff purchased the Hansen's Diet Premium Soda with All Natural Flavors soda believing that it had the qualities that are set forth in this Complaint. However, the product was unsatisfactory to Plaintiff for the reasons alleged in this Complaint.

54. Plaintiff and other members of the Classes have been damaged by Defendants' breach of their express warranty obligations in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

### California Commercial Code §2314

### (By Plaintiff and the Members of the Classes Against All Defendants)

55. Plaintiff incorporates by reference each allegation contained in preceding paragraphs as though fully set forth herein.

56. California Commercial Code § 2314 states, in part:

"§ 2314. Implied warranty; Merchantability; Usage of trade

(1) Unless excluded or modified (Section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

* * * * *

(f) Conform to the promises or affirmations of fact made on the container or label if any."

57. As alleged in this Complaint, Defendants made representations, promises, statements of quality and affirmations of fact as alleged in this Complaint to the public,

including Plaintiff by their labeling, container, packaging, advertising, and other means that Hansen's Diet Premium Soda with All Natural Flavors is a "Premium Diet Soda" and has "All Natural Flavors."  Plaintiff and other consumers bought the subject sodas from Defendants.

58.   Defendants were and are merchants with respect to goods of the kind alleged in this Complaint which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable and conformed to the implied warranties as alleged in this Complaint.

59.   Defendants breached the warranties implied in the contract for the sale of the beverages that are the subject of this action in that Hansen's Diet Premium Soda with All Natural Flavors is, in fact, not a "Premium Diet Soda," does not contain "All Natural Flavors," and/or is not all naturally flavored, as alleged in this Complaint.

60.   As a result of Defendants' conduct, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendants to be merchantable as set forth in this Complaint.

61.   As a proximate result of the Defendants' breach of warranties, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**Violation of California Business & Professions Code §§17200, *et seq*.**

**(Asserted On Behalf of Plaintiff and the Classes)**

62.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

63.   Plaintiff brings this cause of action on behalf of himself and on behalf the Classes.

64.   The Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice

FIRST AMENDED COMPLAINT

and any false or misleading advertising.

65.     Defendants' conduct as alleged in this Complaint constitutes unlawful, unfair and/or fraudulent business acts and practices.  By engaging in the acts and practices alleged in this Complaint, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq*.

66.     Plaintiff is a person within the meaning of Business & Professions Code § 17204 as defined by Business & Professions Code § 17201, and therefore, he has standing to sue for any violation of Business & Professions Code § 17200, *et seq.* on behalf of himself and on behalf of the general public pursuant to Business & Professions Code § 17204.

67.     Plaintiff is informed and believes, and thereon alleges, that Defendants, as indicated by their conduct alleged in this Complaint, engage in unlawful, unfair, and fraudulent business practices by selling Hansen's Diet Premium Soda with All Natural Flavors by misrepresenting the product as a "Premium Soda" with "All Natural Flavors."

68.     In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of the UCL) and omissions of material facts, as alleged in this Complaint.

69.     Defendants' business practices, as alleged in this Complaint, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers as alleged in this Complaint. Among other things, consumers are led to believe that the Hansen's Diet Premium Soda with All Natural Flavors has all natural flavorings and is premium quality, which are qualities and characteristics that they do not have.  Defendants' acts and omissions violate and offend California public policy against engaging in false, deceptive, and misleading advertising, marketing, labeling, unfair competition and deceptive conduct towards consumers.  Defendants represented that the Hansen's Diet Premium Soda with

All Natural Flavors is a premium diet soda with all natural flavors, when, in fact, it is flavored with artificial flavors/flavor enhancers - sucralose and acesulfame potassium - and is not a premium diet soda as a consequence.  The injury to Plaintiff and members of the Classes and consumers greatly outweighs any alleged countervailing benefit to Plaintiff, members of the Classes, consumers or competition under all of the circumstances.

70.    Defendants' conduct, as alleged in this Complaint, was and is fraudulent, false, misleading and likely to deceive the consuming public within the meaning of California Business & Professions Code §§ 17200, *et seq*.  At all times relevant, as alleged in this Complaint, Defendants' conduct regarding Hansen's Diet Premium Soda with All Natural Flavors was unlawful, deceptive, untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and members of the Classes by representing that the product has all natural flavors and is a premium soda.  Defendants knew and failed to disclose that the Hansen's Diet Premium Soda with All Natural Flavors contains non-natural flavors/flavor enhancers, sucralose and acesulfame potassium, and therefore does not have all natural flavors, and is therefore not a premium soda because of the fact that it is flavored/flavor enhanced with sucralose and acesulfame potassium.  Defendants' conduct misleads and deceives consumers into believing that the subject sodas are of premium quality, and that the sodas are flavored/flavor enhanced with only natural flavorings.

71.    Hansen's Diet Premium Soda with All Natural Flavors products, labeled as flavored with "All Natural Flavors" and as a "Premium Soda," and flavored/flavor enhanced with the artificial flavors sucralose and acesulfame potassium, violates the following laws, among others:

      a.    21 U.S.C. § 343 (misbranded food);

      b.    21 CFR § 1.21;

      c.    Cal. Commercial Code § 2313;

      d.    Cal. Commercial Code § 2314;

FIRST AMENDED COMPLAINT

e.  Cal. Health & Safety Code §§ 109875, et seq. (the "Sherman Law");

f.  Cal. Health & Safety Code § 110660;

g.  Cal. Consumer Legal Remedies Act (Civil Code § 1750, *et seq.*);

h.  Cal. Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*);

i.  Cal. False Advertising Law (Bus. & Prof. Code § 17500, *et seq.*);

j.  California common law of express and implied warranties;

k.  Magnuson-Moss Warranty Act;

l.  Other laws, including the California Common Law.

72.  Plaintiff and the Classes reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues.

73.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct alleged in this Complaint.

74.  Plaintiff and the Classes have in fact been deceived as a result of their reliance on Defendants' conduct as alleged in this Complaint.

75.  As alleged in this Complaint, a result of Defendants' representations and/or omissions regarding the Hansen's Diet Premium Soda with All Natural Flavors products, Plaintiff and members of the Classes purchased a product that they would not have purchased or would have purchased another competing product. Further, had Plaintiff and members of the Class been made aware that the product contained the artificial flavoring / flavor enhancers sucralose and acesulfame potassium and was not a premium product, they would not have purchased the product or would have purchased another competing product. For the reasons alleged in this Complaint, Plaintiff and members of the Class purchased Hansen's Diet Premium Soda with All Natural Flavors instead of

FIRST AMENDED COMPLAINT

competing products based on the mislabeling, affirmations of fact, statements of quality, false statements, misrepresentations and omissions described herein. Thus, Plaintiff and class members did not receive what they paid for, and Plaintiff and the Class members have suffered an injury in fact as a result of Defendants' mislabeling, affirmations of fact, statements of quality, misrepresentations and/or omissions.

76.    Defendants, through their acts of unfair competition, have been able to reap unjust revenue and profit, and have unfairly acquired money from Plaintiff and the Classes.  Plaintiff requests that this Court restore this money, with interest, and enjoin Defendant from continuing to violate California Business & Professions Code §§17200, 17203, *et seq.*

77.    Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

78.    Plaintiff seeks an order requiring Defendants to undertake a public information campaign to inform members of the Classes of its prior acts or practices.

79.    Plaintiff also seeks attorney's fees and costs pursuant to, *inter alia*, Civil Code §1021.5.

### FIFTH CAUSE OF ACTION

**False and Misleading Advertising in Violation of California**

**Business & Professions Code §17500, et seq.**

**(Asserted On Behalf of Plaintiff and the Classes )**

80.    Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

81.    Plaintiff brings this cause of action on behalf of himself and on behalf the Classes.

82.    Defendants' conduct, misrepresentations, acts and non-disclosures of the material facts alleged in this Complaint constitute false and misleading advertising and therefore constitute a violation of Cal. Business & Professions Code §17500, *et seq.*

83.    At all times relevant, Defendants' advertising and promotion regarding

Hansen's Diet Premium Soda with All Natural Flavors was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and consumers by representing that the product has all natural flavors/flavor enhancers and is a premium product. Defendants knew and failed to disclose that the Hansen's Diet Premium Soda with All Natural Flavors contains non-natural flavors/flavor enhancers, sucralose and acesulfame potassium, is not a premium product because of the fact that it is flavored/flavor enhanced with sucralose and acesulfame potassium.

84.    Hansen's Diet Premium Soda with All Natural Flavors products, labeled as "Premium Soda" and with "All Natural Flavors," and flavored/flavor enhanced with the artificial flavors/flavor enhancers sucralose and acesulfame potassium, violates the laws set forth in this Complaint and incorporated herein.

85.    Defendants engaged in the false and/or misleading advertising and marketing and labeling alleged herein with an intent to directly or indirectly induce the purchase of Hansen's Diet Premium Soda with All Natural Flavors products, labeled as flavored/flavored enhanced with "All Natural Flavors" and as a "Premium Soda," but which are flavored/flavor enhanced with the artificial flavors/flavor enhancers sucralose and acesulfame potassium.

86.    In making and disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §17500, *et seq*.

87.    As alleged in this Complaint, a result of Defendants' representations and/or omissions regarding the Hansen's Diet Premium Soda with All Natural Flavors products, Plaintiff and members of the Classes purchased a product that they would not have purchased or would have purchased another competing product.  Further, had Plaintiff and members of the Class been made aware that the product contained the artificial flavoring / flavor enhancers sucralose and acesulfame potassium and was not a premium product, they would not have purchased the product or would have purchased another

competing product.  For the reasons alleged in this Complaint, Plaintiff and members of the Class purchased Hansen's Diet Premium Soda with All Natural Flavors instead of competing products based on the mislabeling, affirmations of fact, statements of quality, false statements, misrepresentations and omissions described herein. Thus, Plaintiff and class members did not receive what they paid for, and Plaintiff and the Class members have suffered an injury in fact as a result of Defendants' mislabeling, affirmations of fact, statements of quality, misrepresentations and/or omissions.

88.     Defendants, through their acts of unfair competition, have been able to reap unjust revenue and profit, and have unfairly acquired money from Plaintiff and the Classes.  Plaintiff requests that this Court restore this money, with interest, and enjoin Defendants from continuing to violate California Business & Professions Code §§17200, 17203, *et seq*.

89.     Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

90.     Plaintiff seeks an order requiring Defendants to undertake a public information campaign to inform members of the Classes of its prior acts or practices.

91.     Plaintiff also seeks attorney's fees and costs pursuant to, *inter alia*, Civil Code §1021.5.

## SIXTH CAUSE OF ACTION

**Violations of Consumers Legal Remedies Act, California Civil Code §1750, *et seq*.**

**(Asserted On Behalf of Plaintiff Individually and the Classes)**

92.     Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

93.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

94.     Plaintiff and the Classes are consumers as defined by California Civil Code § 1761(d).

95.     Defendants' Premium Diet Soda with All Natural Flavors are "goods" as

defined by California Civil Code § 1761(a).

96.   Defendants' conduct as alleged herein constitutes a "transaction" within the meaning of Civil Code §1761(e).

97.   The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods to consumers for personal, family or household use.  Civil Code §§ 1761(a) and (d).

98.   The CLRA was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code §1770.

99.   The CLRA, as set forth in Civil Code § 1760, "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

100.   Defendants have engaged in unfair and deceptive practices to the detriment of Plaintiff and members of the Classes. Plaintiff and members of the Classes have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants as alleged in this Complaint.

101.   Defendants have violated, and continue to violate, the CLRA in at least the following respects:

a.   In violation of Civil Code § 1770(a)(5), Defendants have represented that the Hansen's Diet Premium Soda with All Natural Flavors has characteristics, uses and benefits it does not have;

b.   In violation of Civil Code § 1770(a)(7), Defendants have represented that the Hansen's Diet Premium Soda with All Natural Flavors is of a particular standard, quality or grade when it is not;

FIRST AMENDED COMPLAINT

c.   In violation of Civil Code §1770(a)(9), Defendants have advertised the Hansen's Diet Premium Soda with All Natural Flavors with an intent not to sell them as advertised; and

d.   In violation of Civil Code §1770(a)(16), Defendants have represented that the Hansen's Diet Premium Soda with All Natural Flavors has been supplied in accordance with a previous representation when it has not.

102.   Defendants' conduct constitutes intentional misrepresentation, deceit, and concealment of a material fact known to Defendants with the intention of thereby depriving Plaintiff and members of the Classes of property or otherwise causing injury.

103.   Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, other consumers will be damaged by their acts and practices in the same way as have Plaintiff and members of the Classes.

104.   Plaintiff and members of the Classes further request this Court to enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged above in whatever context it occurs, pursuant to Civil Code § 1780(a)(2).

105.   Pursuant to Civil Code §1782, Plaintiff gave Defendants notice by letter dated November 6, 2012, by certified mail, of the particular violations of Civil Code § 1770.  The Notice requested that Defendants rectify the problems associated with the actions alleged in this Complaint, and give notice to all affected consumers of its intent so to act. Defendants have failed to cure these problems within the statutory time period. Accordingly, Plaintiff seeks damages for such deceptive practices pursuant to Civil Code §1782 and restitution, pursuant to Civil Code § 1780(a)(3).

106.   Plaintiff and members of the Classes request the Court to award them their costs and reasonable attorney's fees pursuant to Civil Code § 1780(d).

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION

### Breach of Express Warranty

### (Asserted On Behalf of the Plaintiff Individually

### and the Classes Against All Defendants)

107.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

108.   Defendants, through the labels, advertising, and marketing for the Hansen's Diet Premium Soda with All Natural Flavors, made statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises regarding the subject products, as alleged in this Complaint.

109.   Defendants made the statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises alleged in this Complaint.  Defendants stated that the Hansen's Diet Premium Soda with All Natural Flavors were and are flavored with all natural flavors and were and are premium sodas.

110.   Defendants' statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises alleged in this Complaint, regarding the Hansen's Diet Premium Soda with All Natural Flavors, are express, standard warranties.

111.   Defendants' statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises alleged in this Complaint, became part of the basis of the bargain between the Plaintiff and members of the Classes and thus are express warranties.

112.   Plaintiff and the Classes have performed all conditions precedent to Defendants' liability under the warranties.

113.   Defendants distributed the Hansen's Diet Premium Soda with All Natural Flavors, which were eventually purchased by Plaintiff and members of the Classes.

114.   As alleged in this Complaint, Defendants breached the warranties as their

statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises were and are not true, as the subject products are flavored/flavor enhanced with the artificial flavors/flavor enhancers sucralose and acesulfame potassium, and therefore the products are not of a premium quality.

115.   As a result of Defendants' breach of warranties, Plaintiff and the Classes in fact did not receive goods as warranted by Defendants.  Plaintiff and the Classes have been damaged in the amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### Breach of Implied Warranties

### (Asserted On Behalf of the Plaintiff Individually

### and the Classes Against All Defendants)

116.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

117.   Defendants, in marketing, promoting, advertising, labels, packaging, and other means,  made statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises to the Public, the Plaintiff, and the Classes, that the Hansen's Diet Premium Soda with All Natural Flavors is of a certain standard, quality, nature, characteristic, grade, with certain ingredients, and without certain ingredients, namely, that Hansen's Diet Premium Soda with All Natural Flavors were and are flavored with all natural ingredients, and were and are of premium grade or quality, among other statements and representations.

118.   Defendants were and are merchants with respect to the Hansen's Diet Premium Soda with All Natural Flavors, which were sold to Plaintiffs and members of the Classes, and there was in the sale in the stream of commerce to Plaintiffs and members of the Classes an implied warranty that the subject products were of a certain standard, quality, nature, characteristic, grade, with certain ingredients, and without certain ingredients, specifically, that Hansen's Diet Premium Soda with All Natural

FIRST AMENDED COMPLAINT

Flavors were and are flavored with all natural flavors, flavor enhancers, and /or flavor-related ingredients, and were and are of premium grade or quality, among other statements and representations.

119.   Defendants were and are merchants with respect to the Hansen's Diet Premium Soda with All Natural Flavors, which were sold to Plaintiff and members of the Classes, and there was in the sale in the stream of commerce to Plaintiff and members of the Classes an implied warranty that the subject products were merchantable.

120.   Defendants breached that implied warranty in that Hansen's Diet Premium Soda with All Natural Flavors are flavored/flavor enhanced with artificial ingredients - sucralose and acesulfame potassium - and therefore the sodas are not flavored with all natural flavors and are not of premium quality, and are not merchantable as represented, and as alleged in this Complaint.

121.   As a result of Defendants' conduct, Plaintiff and members of the Classes did not receive the goods as Defendants impliedly warranted.

122.   As a proximate result of Defendants' breach of implied warranties, Plaintiff and members of the Classes have been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### Breach of Implied Warranty of Fitness

### (Asserted On Behalf of the Plaintiff Individually

### and the Classes Against All Defendants)

123.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

124.   Defendants, in marketing, promoting, advertising, labels, packaging, and other means, made statements and representations of the standards, qualities, nature, ingredients, characteristics, grade, affirmations of fact, and promises to the Public, the Plaintiff, and the Classes, that the Hansen's Diet Premium Soda with All Natural Flavors is of a certain standard, quality, nature, characteristic, grade, with certain ingredients,

and without certain flavoring ingredients, namely, that Hansen's Diet Premium Soda with All Natural Flavors were and are flavored with all natural ingredients, and were and are of premium grade or quality, among other statements and representations.

125.   Defendants were and are merchants with respect to the Hansen's Diet Premium Soda with All Natural Flavors, which were sold to Plaintiff and members of the Classes, and there was in the sale in the stream of commerce to Plaintiff and members of the Classes an implied warranty that the subject products were of a certain standard, quality, nature, characteristic, grade, with certain ingredients, and without certain ingredients, and were fit for a particular purpose as a premium quality soda with only natural flavor related ingredients.

126.   Defendants breached that implied warranty of fitness in that Hansen's Diet Premium Soda with All Natural Flavors contains artificial flavor ingredients - sucralose and acesulfame potassium - and therefore the sodas are not merchantable as represented to the public and are not fit for their particular purpose as they contain artificial flavorings / flavor enhancers / flavor related ingredients and are not premium quality, as alleged in this Complaint.

127.   As a result of Defendants' conduct, Plaintiff and members of the Classes did not receive the goods as Defendants impliedly warranted.

128.   As a proximate result of Defendants' breach of the implied warranty of fitness, Plaintiff and members of the Classes have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

**Violation of Magnuson Moss Warranty Act, 15 U.S.C. §§2301, *et seq*.**

**(Asserted On Behalf of the Plaintiff Individually and the Classes)**

129.   Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

130.   The Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§2301, *et seq*., creates a private federal cause of action for breach of a "written warranty" as defined by

FIRST AMENDED COMPLAINT

the Act. 15 U.S.C. §2301(6) and §2310(d)(1).

131.   The subject products are "consumer products" as that term is defined by 15 U.S.C. §2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes.

132.   Plaintiff and members of the Classes are "consumers" as defined by 15 U.S.C. §2301(3), since they are buyers of subject products for purposes other than resale.

133.   Defendants are entities engaged in the business of making its food products available, either directly or indirectly, to consumers such as Plaintiff and the Classes. As such, Defendants are a "supplier" as defined in 15 U.S.C. §2301(4).

134.   Through their labeling, Defendants gave and offered a written warranty to consumers relating to the nature and quality of the ingredients in the subject products, as well as the overall quality of the subject products.  As a result, Defendants are "warrantors" within the meaning of 15 U.S.C. §2301(5).

135.   Defendants provided a "written warranty" within the meaning of 15 U.S.C. 2301(6) for the subject product by stating affirmations of fact and written promises prominently on the labels and packaging that the subject products were flavored with all natural ingredients, were premium sodas, and met the specified level of quality and/or performance (namely, "all natural flavors" and "premium quality") for a specific period of time (as defined by the expiration date imprinted on each can) as alleged in this Complaint.  Defendants' statements and representations of the standards, qualities, nature, characteristics, ingredients, grade, affirmations of fact, and promises regarding the Hansen's Diet Premium Soda with All Natural Flavors, constituted, and were intended to convey to purchasers, a written promise that the flavor ingredients did not include artificial ingredients (sucralose and acesulfame potassium) that affected the subject soda's flavor, and were of a certain standard ("Premium Soda").  As such, Defendants' statements and representations of the standards, qualities, nature, characteristics, ingredients, grade, affirmations of fact, and promises regarding the

Hansen's Diet Premium Soda with All Natural Flavors, were written promises and were part of the basis of Plaintiff's and the Classes' bargain with Defendants in purchasing the subject products.

136.   Defendants breached the written warranty by failing to provide and supply the subject products for the specified period of time.  Specifically, Defendants failed to provide a product containing only non-synthetic, non-artificial ingredients that affected the flavors until the expiration date listed on the product.  Defendant likewise failed to provide and supply a premium soda for the time period ending with the expiration date printed by Defendant on each can. Since ingredients in the subject products did not have the requisite qualities and character promised by Defendants' written warranties for the specified period of time, the subject products did not comply with Defendants' obligation under the written warranty to supply all naturally flavored sodas, and premium sodas, to Plaintiff and to members of the Classes.

137.   Plaintiff and the Classes therefore for this claim seek and are entitled to recover "damages and other legal and equitable relief" and "costs and expenses (including attorneys' fees based upon actual time expended)" as provided in 15 U.S.C. §2310(d).

138.   Defendants were provided notice and a reasonable opportunity to cure the defects in the subject products and remedy the harm to Plaintiff and the Classes, but failed to do so, as alleged in this Complaint.

139.   Plaintiff and members of the Classes were injured by Defendants' failure to comply with their obligations under the written warranties, since Plaintiff and members of the Classes paid for products that did not have the promised ingredients, qualities and nature, purchased and paid for the subject products when they could have instead purchased alternative products, and lost the opportunity to purchase and consume other, truly all naturally flavored, premium quality sodas as represented by Defendants.

/ / /

/ / /

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and on behalf of the members of the Classes defined herein, prays for judgment and relief on all Causes of Action as follows:

1. An order certifying that the action may be maintained as a class action as defined herein;

2. An order awarding Plaintiff and the proposed Class members damages;

3. A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to: (1) discontinue its unfair business practices; and (2) inform the public and members of the proposed Class that Hansen's Diet Premium Soda with All Natural Flavors is actually flavored / flavor enhanced with artificial ingredients Acesulfame Potassium and Sucralose.

4. An order requiring imposition of a constructive trust and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the Classes all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

5. Distribution of any moneys recovered on behalf of members of the Classes via fluid recovery or cy pres recovery where necessary and as applicable, to prevent Defendants from retaining the benefits of their wrongful conduct;

6. Pre-judgment and post-judgment interest;

7. Reasonable attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure, §1021.5 and Civil Code § 1780(d);

8. Costs of this suit; and

9. Such other and further relief as the Court may deem necessary or appropriate.

(Signature on next page)

FIRST AMENDED COMPLAINT

DATED: January 25, 2013       **MARLIN & SALTZMAN**
**HARTMANN & KANANEN**

By: _____
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff
Steven Viggiano

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 25, 2013       **MARLIN & SALTZMAN**
**HARTMANN & KANANEN**

By: _____
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff
Steven Viggiano

FIRST AMENDED COMPLAINT

1    STATE OF CALIFORNIA        )
                                      ) ss.
2    COUNTY OF LOS ANGELES )

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 29229 Canwood
4    Street, Suite 208, Agoura Hills, California 91301-1555.

5        On January 25, 2013, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY
6    AND INJUNCTIVE RELIEF** on all interested parties in said action:

7    [X]    (VIA US MAIL) I caused such envelope(s) to be deposited in the mail at Agoura Hills, California with postage thereon fully prepaid.
8

9           I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on
10         motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for
11         mailing in affidavit.

12    [ ]    (VIA FEDERAL EXPRESS) I caused to have served such document(s) by depositing them in the drop box at Agoura Hills, California, for priority
13         overnight next day delivery.

14    [ ]    (VIA FACSIMILE) I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.
15

16    [ ]    (VIA PERSONAL SERVICE) I delivered such envelope(s) by hand to the offices of the addressee.

17    [ ]    (VIA E-MAIL) I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and
18         correct copy through Marlin & Saltzman's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per
19         agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

20    [ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
21

22    [X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23        Executed on January 25, 2013, at Agoura Hills, California.

24

25                                 Sandy Laranjo

26

27

28

FIRST AMENDED COMPLAINT

**Steven Viggiano, et al. v. Hansen Natural Corporation, et al.**
**CASE NO. CV12-10747-MMM (JCGx)**

Service List

| | |
|---|---|
| Dan Marmalefsky, Esq.<br>David F. McDowell, Esq.<br>Purvig Patel, Esq.<br>**MORRISON & FOERSTER LLP**<br>555 W. fifth Street<br>Los Angeles, CA  90013<br>Telephone:  (213) 892-5200<br>Facsimile:  (213) 892-5454<br>DMarmalefsky@mofo.com<br>DMcDowell@mofo.com<br>Ppatel@mofo.com | Attorney for Defendants MONSTER BEVERAGE CORPORATION (fka HANSEN NATURAL CORPORATION) AND HANSEN BEVERAGE COMPANY |
| Ronald A. Hartmann, Esq.<br>Kurt E. Kananen, Esq.<br>Kenneth King, Esq.<br>**HARTMANN & KANANEN**<br>20750 Ventura Boulevard, Suite 101<br>Woodland Hills, CA   91364<br>Telephone:  (818) 710-0151<br>Facsimile:   (818) 710-0191<br>constructiondefects@sbcglobal.net<br>kurtkananen@sbcglobal.net<br>kkinghk@sbcglobal.net | Co-Counsel for Plaintiffs |

45

FIRST AMENDED COMPLAINT